Filed 9/30/16  P. v. Renz CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ERIC MICHAEL RENZ,<br><br>     Defendant and Appellant. | A145311<br><br>(San Mateo County<br>Super. Ct. No. SC080705) |

### INTRODUCTION

Defendant Eric Michael Renz appeals from a judgment of conviction following a bench trial of one count of felony possession of child pornography (Pen. Code, § 311.1, subd. (a)).[1]  He raises a single issue on appeal—that the trial court erred in denying his motion to suppress evidence recovered from his cell phone, which was searched subsequent to his arrest and without a warrant, and evidence recovered from his laptop, which was searched pursuant to a warrant based on the evidence recovered from the cell phone.  We conclude the police acted in good-faith reliance on then binding California Supreme Court authority and, thus, the exclusionary rule does not apply here.  We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, defendant was arrested in his Millbrae home.  San Mateo Police Officers Stephen Bennett and Shannon Hagan seized defendant's cell phone at the time

---

[1]  All further statutory references are to the Penal Code.

of his arrest and examined it later the same day according to "standard procedure." His cell phone contained sexually explicit material, including videos of defendant masturbating and performing sex acts with an adult female, and videos and photographs of children playing at an after-school program where defendant worked.

Subsequently, Officer Bennett obtained a search warrant for defendant's residence, which was executed in November. Officer Hagan forensically examined a laptop found in his bedroom. The laptop contained several images of underage girls performing various sexual acts.

In December, the San Mateo County District Attorney filed a felony complaint charging defendant with two counts of lewd or lascivious conduct against a child under the age of 14 years (§ 288, subd. (a); counts 1–2) and one count of possession of child pornography (§ 311.1, subd. (a); count 3). Following a preliminary hearing, defendant was held to answer on count 3.

In April 2014, the district attorney filed an information identical to the December 4 complaint. The trial court later granted a section 995 motion and dismissed counts 1 and 2.

In the meantime, defendant moved to suppress "all tangible and intangible evidence seized by law enforcement on October 25, 2013," including "the contents of Mr. Renz's cellular phone as well as the fruits of the search that occurred on November 12, 2013." (See § 1538.5.) The trial court denied his motion in September 2014.

The following month, the prosecution filed a new complaint charging defendant with two counts of lewd and lascivious conduct against a child under the age of 14, and defendant was held to answer on these charges.

The trial court subsequently consolidated the two cases.

After waiving his right to a jury trial, a four-day bench trial was held beginning on March 5. Defendant moved for a judgment of acquittal (§ 1118), and on March 9 the trial court granted the motion as to counts 1 and 2 and found defendant guilty as to count 3.

Defendant then moved to reduce his felony conviction to a misdemeanor under section 17, subdivision (b)(3), and the trial court granted the motion on May 15. That same day, the trial court suspended imposition of sentence, placed defendant on three years' probation, and imposed various terms and conditions.

## DISCUSSION

" 'The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." (U.S. Const., 4th Amend.) . . . A similar guarantee against unreasonable government searches is set forth in the state Constitution (Cal. Const., art. I, § 13) but, since voter approval of Proposition 8 in June 1982, state and federal claims relating to exclusion of evidence on grounds of unreasonable search and seizure are measured by the same standard. [Citations.] "Our state Constitution thus forbids the courts to order the exclusion of evidence at trial as a remedy for an unreasonable search and seizure unless that remedy is required by the federal Constitution as interpreted by the United States Supreme Court." ' " (*People v. Stillwell* (2011) 197 Cal.App.4th 996, 1004.)

" '[T]he mandate of the [Fourth] Amendment requires adherence to judicial processes,' [citation], and that searches conducted outside the judicial process [i.e., warrantless searches], without prior approval by judge or magistrate are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357, fns. omitted.) One of those exceptions is that certain searches incident to a lawful arrest do not require a warrant. (*United States v. Robinson* (1973) 414 U.S. 218, 224.)

In January 2011, our Supreme Court decided *People v. Diaz* (2011) 51 Cal.4th 84 (*Diaz*). In that case, law enforcement personnel searched the defendant's cell phone after lawfully arresting and transporting him to a detention center. The court held, "under the United States Supreme Court's binding precedent, such a search is valid as being incident to a lawful custodial arrest." (*Id.* at p. 88.)

3

However, in 2014, about eight months after defendant's arrest and search of his cell phone in this case, the United States Supreme Court decided *Riley v. California* (2014) __ U.S. __ [134 S.Ct. 2473, 2482–2484] (*Riley*). In *Riley*, the court addressed "how the search incident to arrest doctrine applies to modern cell phones." (*Id.* at p. 2484.) It held "officers must generally secure a warrant before conducting such a search." (*Id.* at p. 2485.) Since defendant's conviction was not yet final when the United States Supreme Court announced its decision in *Riley*, that decision applies retroactively to his case. (*Davis v. United States* (2011) 564 U.S. 229, 243 (*Davis*).)

The People do not argue *Riley* is inapplicable. Rather, they contend reversal is not required because the good-faith exception to the exclusionary rule renders the fruits of the search admissible. (*United States v. Leon* (1984) 468 U.S. 897; *Davis, supra*, 564 U.S. at pp. 231–232.) Specifically, they contend the cell phone search passed muster under *Diaz* and the officers reasonably relied on that California Supreme Court decision.[2] (*Davis*, at p. 238 ["When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. [Citation.] But when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful, [citation], . . . the ' "deterrence rationale loses much of its force," ' and exclusion cannot 'pay its way.' "].)

The trial court found "the cell phone[,] based on the testimony of Officer Bennett[,] was seized incident to arrest and within an hour's time was searched. This was consistent with the holding in *Diaz* at the time and the officer's conduct in searching the cell phone was in good faith and the Court therefore respectfully denies [defendant's] motion to suppress the cell phone." Nothing in the record suggests Officer Bennett acted in " 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights." (*Davis, supra*, 564 U.S. at p. 238.) Indeed, in the years he was with

---

[2] Whether the good-faith exception to the exclusionary rule applies to pre-*Riley* warrantless searches of data on an arrestee's cell phone is currently before the California Supreme Court. (*People v. Macabeo* (2014) 229 Cal.App.4th 486, review granted Nov. 25, 2014, S221852.)

4

the San Mateo Police Department up until defendant's arrest in late October 2013, Officer Bennett received search and seizure updates "possibly weekly or at least every other week." Officer Bennett could not recall whether there had been any discussion or training in his department as to the United States Supreme Court's potential review of cell phone searches. The trial court stated "[t]here's no evidence to suggest that the agency should have known or did know about the pending case." The trial court found ". . . Officer Bennett's testimony was credible." And the court further noted that ". . . Officer Bennett acted in good faith based on the existing law at the time, which was *People v. Diaz.*" At the time of arrest, Officer Bennett's understanding of the state law as it related to searching a cell phone without a warrant was "[t]hat incident to arrest [a] cell phone that was on the person [of the arrestee] was searchable."

"[W]hen binding appellate precedent specifically *authorizes* a particular police practice, [as it did here], well-trained officers will and should use that tool to fulfill their crime-detection and public-safety responsibilities. An officer who conducts a search in reliance on binding appellate precedent does no more than ' "ac[t] as a reasonable officer would and should act" ' under the circumstances. [Citation.] The deterrent effect of exclusion in such a case can only be to discourage the officer from ' "do[ing] his duty." ' " (*Davis, supra*, 564 U.S. at p. 241.) The police here acted in "strict compliance with binding precedent, . . . . [and u]nless the exclusionary rule is to become a strict-liability regime, it can have no application in this case." (*Id.* at p. 240.)

The trial court further found "that the subsequent search warrant was issued based on the contents of the cell phone, and the court declines to suppress the search warrant as well in this case." Since we agree the trial court properly denied defendant's motion to suppress as to the cell phone, we likewise conclude it properly denied the essentially derivative motion to suppress as to the laptop.

## DISPOSITION

The judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.